UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-63-GWU

TERESA JONES, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Teresa Jones originally brought <u>Jones v. Astrue</u>, London Civil Action No. 06-288 (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on her application for Supplemental Security Income (SSI). After a period of administrative reconsideration prompted by the court's Memorandum Opinion, Order, and Judgment of April 18, 2007 (Tr. 358-368), it is again before the court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); <u>Crouch v. Secretary of Health and Human Services</u>, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a

1

whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims.  See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985).  Essentially, the severity requirements may be used to weed out claims that are "totally groundless."  Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which

appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient,

if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Jones, a 46-year-old former cashier and tax preparer with a high school education, suffered from impairments related to degenerative changes of the lumbar spine, a history of left knee arthroscopic surgery with subsequent arthritic changes, and bilateral carpal tunnel syndrome (being status post bilateral release surgery). (Tr. 331, 334). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 332, 334). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 334-335). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 334).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the

4

current record also does not mandate an immediate award of SSI. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to sedentary level work restricted from a full range by such non-exertional limitations as the need for a sit/stand option in intervals of 45 minutes and no handling, feeling, gross manipulation or fine manipulation with the left hand. (Tr. 353). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 355). The ALJ relied upon this testimony to support the denial decision.

This action was previously remanded to the Commissioner for further consideration because the hypothetical question did not fairly depict Jones's condition as required by Varley. (Tr. 362-363). Dr. Jason Fleming, an examining consultant, indicated that the plaintiff would have a "mild to moderate" restriction in performing such activities as lifting, carrying, standing, walking, climbing, balancing, stooping, crouching, kneeling, crawling, handling, feeling, pushing and pulling. (Tr. 219). Dr. Fleming also reported a "moderate restriction in regard to performing work-related activities that include the use of her hands and fine motor movement-type functions and also gripping." (Id.). Since the hypothetical question in the earlier action did not include many of these restrictions, it did not fairly characterize the claimant's condition. (Tr. 363).

08-63  Teresa Jones

The hypothetical question presented in the present action again did not include many of the restrictions identified by Dr. Fleming such as those relating to climbing, balancing, stooping, crouching, kneeling, crawling, pushing and pulling as well as the "moderate" limitation regarding the use of both hands for work activities. The ALJ asserted that these limitations would be accommodated within his residual functional capacity assessment by the restriction to sedentary level work. (Tr. 334). The defendant cites Social Security Ruling (SSR) 96-9p which states that limitations regarding climbing, stooping, crouching, kneeling, crawling, and pushing or pulling would not significantly erode the sedentary level occupational base. However, SSR 96-9p also indicates that limitations concerning balancing can be very significant and need to be presented to a vocational expert. Furthermore, while the Listing notes that these individual restrictions alone would not significantly erode the sedentary level job base, it does not address the issue of the vocational effect of combination of a number of otherwise small restrictions, which taken together, could have a significant impact on the available job base. Therefore, the doctor's restrictions were not accommodated.

In the prior denial decision, the court also noted that the hypothetical question did not appear to include all of the limitations indicated by the medical advisors including restrictions relating to pushing and pulling with the upper extremities, climbing, crawling and the need to avoid concentrated exposure to vibrations. (Tr. 363-364). The defendant again asserts that SSR 96-9p indicates

08-63  Teresa Jones

that these limitations would not significantly erode the sedentary level job base and, so, their omission from the hypothetical question was harmless.  However, these reports would still not support the administrative decision because they are outweighed by that of Dr. Fleming, the examining source.  The administrative regulations provide that "we generally give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 416.927(d)(1).

Upon remand of the action, additional evidence was submitted from the Kentucky Orthopedics Clinic (Tr. 380-390) and Appalachian Regional Healthcare (Tr. 391-401).  Neither of these records addresses the issue of work-related restrictions.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  Therefore, the court must grant the plaintiff's summary judgment, in so far as such relief is achieved, and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 4th day of March, 2009.



Signed By:

G. Wix Unthank

United States Senior Judge